IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOHN TAIT, | § | |
| | § | |
| Defendant Below, | § | No. 77, 2018 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID Nos. 1703018349 (N) and |
| | § | 1703018373 (N) |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: March 7, 2018
Decided: March 22, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **ORDER**

This 22nd day of March 2018, upon consideration of the notice to show cause

and the parties' responses, it appears to the Court that:

(1)    On February 15, 2018, counsel for the appellant, John Tait, filed a

notice of appeal from a Superior Court sentence imposed on December 14, 2017. A

timely notice of appeal should have been filed on January 16, 2018.[1]   The Senior

---

[1] Supr. Ct. R. 6(a)(iii) (providing notice of appeal must be filed "[w]ithin 30 days after a sentence is imposed in a direct appeal of a criminal conviction"). The thirtieth day after Tait's sentencing, January 13, 2018, was a Saturday and Monday, January 15, 2018, was a holiday (Martin Luther King, Jr. Day). Tait's notice of appeal therefore had to be filed on or before Tuesday, January 16, 2018. Supr. Ct. R. 11(a).

Court Clerk issued a notice directing Tait's counsel to show cause why this appeal should not be dismissed as untimely filed under Supreme Court Rule 6.

(2)    In his response to the notice to show cause, Tait's counsel states that although Tait was sentenced on December 14, 2017, the Superior Court did not sign and docket the sentencing order until January 16, 2018. As a result of "excusable error or neglect," Tait's counsel "interpreted and applied the final Order date [January 16, 2018] as the date triggering the 30 day appellate period."[2]  Tait's counsel requests that this Court recognize the appeal.

(3)    The State was asked to respond to the position of Tait's counsel. As the State recognizes, the failure of Tait's counsel does not fall within the exception to the general rule requiring the timely filing of a notice of appeal. The State also recognizes that this failure, if not remedied, would leave the Court without jurisdiction to hear Tate's direct appeal. Under these circumstances, the State recommends that the matter be remanded to the Superior Court with direction to vacate its December 14, 2017 sentence and to resentence Tait. This will allow Tait to pursue a timely direct appeal.

---

[2] March 6, 2018 Letter, D.I. 5.

2

(4)     We agree that the proper course of action is to remand this matter to the Superior Court.  Upon remand, the Superior Court shall vacate the December 14, 2017 sentence and resentence Tait.

NOW, THEREFORE, IT IS ORDERED that the within matter is REMANDED to the Superior Court for further action in accordance with this order. Jurisdiction is not retained.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

3